IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 12 2004

JAMES STELLATO, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.

CAREER EDUCATION CORPORATION,
JOHN M. LARSON and PATRICK K. PESCH,

        Defendants.

Civil Action 03 CV 8939
03 cv 8884

FILED
FEB 09 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

To:    Counsel on the Attached Certificate of Service

PLEASE TAKE NOTICE that on February 9, 2004, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, the *Motion for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead and Liaison Counsel and Memorandum of Phil M. Campbell and Laurence Ratnofsky in Support,* copies of which hereby served upon you.

Dated: February 9, 2004

Respectfully submitted,

By: _____
Marvin A. Miller
Jennifer Winter Sprengel
Anthony F. Fata
**MILLER FAUCHER and CAFFERTY LLP**
30 North LaSalle Street, Suite 3200
Chicago, Illinois 60602
(312) 782-4880



## CERTIFICATE OF SERVICE

I, Jennifer Winter Sprengel, an attorney, hereby certify that I caused the *Motion for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead and Liaison Counsel and Memorandum of Phil M. Campbell and Laurence Ratnofsky in Support,* to be served on all parties on the attached service list by placing a copy of the same in the United States Mail at 30 North LaSalle Street, Chicago, Illinois on February 9, 2004.

_____
Jennifer Winter Sprengel

## SERVICE LIST

David H. Kistenbroker
Mary Ellen Hennessy
Joni S. Jacobsen
Karl R. Barnickol
**KATTEN MUCH ZAVIS ROSENMAN**
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661

Steven C. Schulman
Peter E. Seidman
Andrei V. Rado
**MILBERG WEISS BERSHAD**
  **HYNES & LERACH LLP**
One Pennsylvania Plaza
New York, New York 10019

Joshua M. Lifshitz
**BULL & LIFSHITZ**
18 East 41st Street
New York, New York 10017

Marc A. Topaz
Richard A. Maniskas
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004

Samuel H. Rudman
David A. Rosenfeld
**CAULEY GELLER BOWMAN & RUDMAN LLP**
200 Broadhollow Road, Suite 200
Melville, New York 11747

Norman Rifkind
Leigh Lasky
**LASKY & RIFKIND, LTD.**
351 West Hubbard Street, Suite 406
Chicago, Illinois 60610

Jonathan M. Plasse
Christopher Keller
**GOODKIND LABATON RUDOFF**
  **& SUCHAROW LLP**
100 Park Avenue, 12th Floor
New York, New York 10017

Carol V. Gilden
Michael E. Moskovitz
Louis A. Kessler
**MUCH SHELIST FREED DENENBERG**
  **AMENT & RUBENSTEIN, P.C.**
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606

Robert I. Harwood
Jeffrey M. Norton
Dana B. Rubin
**WECHSLER HARWOOD LLP**
488 Madison Avenue, 8th Floor
New York, New York 10022

Charles J. Piven
**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202

Sandy A. Liebhard
Joseph R. Seidman, Jr.
**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
10 East 40th Street, 22nd Floor
New York, New York 10016

Richard A. Lockridge
Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL TAUBENFELD, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action 03 CV 8884 |
| v. | |
| CAREER EDUCATION CORPORATION, JOHN M. LARSON and PATRICK K. PESCH, | Judge Joan H. Lefkow |
| Defendants | |

| | |
|---|---|
| JAMES STELLATO, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action 03 CV 8939 |
| v. | |
| CAREER EDUCATION CORPORATION, JOHN M. LARSON and PATRICK K. PESCH, | |
| Defendants. | |

| | |
|---|---|
| STUART F. KATZ, | |
| Plaintiff | Civil Action 03 CV 9157 |
| v. | |
| CAREER EDUCATION CORPORATION, JOHN M. LARSON and PATRICK K. PESCH | |
| Defendants | |

FILED FEB 09 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED FEB 12 2004

| | |
|---|---|
| SID MORRIS and JOANN MORRIS, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>CAREER EDUCATION CORPORATION, JOHN M. LARSON and PATRICK K. PESCH,<br><br>    Defendants | Civil Action 04 CV 305 |
| ALDEN WOO, on behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>CAREER EDUCATION CORPORATION, JOHN M. LARSON and PATRICK K. PESCH,<br><br>    Defendants | Civil Action 04 CV 339 |
| ERIC R. SCHILD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>CAREER EDUCATION CORPORATION, JOHN M. LARSON and PATRICK K. PESCH<br><br>    Defendants | Civil Action 04 CV 906 |

## MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL

Class members Phil M. Campbell ("Campbell") and Laurence Ratnofsky ("Ratnofsky"), by their counsel, hereby move this Court for an Order; (i) consolidating the Actions; (ii) appointing Campbell and Ratnofsky as Lead Plaintiffs; (iii) approving Campbell and Ratnofsky's selection of the law firm of Cauley Geller Bowman & Rudman, LLP to serve as Lead Counsel and the law firm of Miller Faucher and Cafferty LLP to serve as Liaison Counsel; and (iv) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Campbell and Ratnofsky submit herewith a Memorandum of Law.

Dated: February 9, 2004

Respectfully submitted,

**MILLER FAUCHER AND CAFFERTY LLP**

By: _____
Marvin A. Miller
Jennifer Winter Sprengel
30 North LaSalle Street
Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782.4880
Facsimile: (312) 782.4485
**Proposed Liaison Counsel**

CAULEY GELLER BOWMAN
& RUDMAN, LLP
Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

**Proposed Lead Counsel**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**FILED**
FEB 09 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**
FEB 12 2004

| | |
|---|---|
| DANIEL TAUBENFELD, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action 03 CV 8884 |
| v. | |
| CAREER EDUCATION CORPORATION, JOHN M. LARSON and PATRICK K. PESCH, | Judge Joan H. Lefkow |
| Defendants | |
| JAMES STELLATO, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action 03 CV 8939 |
| v. | |
| CAREER EDUCATION CORPORATION, JOHN M. LARSON and PATRICK K. PESCH, | |
| Defendants. | |
| STUART F. KATZ, | |
| Plaintiff | Civil Action 03 CV 9157 |
| v. | |
| CAREER EDUCATION CORPORATION, JOHN M. LARSON and PATRICK K. PESCH | |
| Defendants | |



| | |
|---|---|
| SID MORRIS and JOANN MORRIS, Individually and on behalf of all others similarly situated, : : : : Plaintiff, : : v. : : CAREER EDUCATION CORPORATION, : JOHN M. LARSON and PATRICK K. PESCH, : : Defendants : | Civil Action 04 CV 305 |
| ALDEN WOO, on behalf of Himself and All : Others Similarly Situated, : : Plaintiff, : : v. : : CAREER EDUCATION CORPORATION, : JOHN M. LARSON and PATRICK K. PESCH, : : Defendants : | Civil Action 04 CV 339 |
| ERIC R. SCHILD, individually and on behalf : of all others similarly situated, : : Plaintiff, : : v. : : CAREER EDUCATION CORPORATION, : JOHN M. LARSON and PATRICK K. PESCH : : Defendants : | Civil Action 04 CV 906 |

## MEMORANDUM IN SUPPORT OF THE MOTION OF PHIL M. CAMPBELL AND LAURENCE RATNOFSKY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL

### PRELIMINARY STATEMENT

Presently pending before this Court are at least six related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Career Education Corporation ("Career Education" or the "Company") common stock between January 28, 2003 and December 2, 2003, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Class Members Phil M. Campbell ("Campbell") and Laurence Ratnofsky ("Ratnofsky"), hereby move this Court for an order to: (i) consolidate the Actions; (ii) appoint Campbell and Ratnofsky as Lead Plaintiffs in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Campbell and Ratnofsky's selection of the law firm of Cauley Geller Bowman & Rudman, LLP ("Cauley Geller") to serve as Lead Counsel and the law firm of Miller Faucher and Cafferty LLP ("Miller Faucher") to serve as Liaison Counsel.

This motion is made on the grounds that Campbell and Ratnofsky are the most adequate plaintiffs, as defined by the PSLRA. Campbell and Ratnofsky collectively suffered losses of $10,344.93 in connection with their purchases of Career Education common stock during the Class Period.[1] See Ex.C. To the best of our knowledge, this is the greatest loss sustained by any

---

[1] The losses suffered by Campbell and Ratnofsky are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined

moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Campbell and Ratnofsky, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## **FACTUAL BACKGROUND**[2]

Career Education Corporation is an on-campus provider of private, for-profit, post-secondary education. The Company's Colleges, Schools and Universities Group operates 78 campuses in the United States, Canada, France, the United Kingdom and the United Arab Emirates. It offers doctoral degree, master's degree, bachelor's degree, associate degree and diploma programs in the career-oriented disciplines of visual communication and design technologies, information technology, business studies, culinary arts and health education.

The complaint charges Career Education, John M. Larson, Patrick K. Pesch with violations Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. More specifically, the complaint alleges that the defendants' statements made during the Class Period were materially false and misleading because they failed to disclose and/or misrepresented the following adverse facts, among others: (1) that the Company's "record" financial growth was a product of inflated student enrollment, retention, and graduation

---

from the certifications required under Section 21D of the Exchange Act and based upon reference to information concerning the current market for the Company's securities. Campbell and Ratnofsky's transactions in Career Education shares are set forth in the accompanying loss chart.

[2] These facts are drawn from the allegations in the complaint captioned James Stellato v. Career Education Corporation, et al., 03-cv-8939 (JHL) (the "Stellato Action"). See Ex. A.

2

rates procured through the falsification of such records; (2) that student records were falsified in order to show a higher rate of enrollment, student retention, and graduation so that the Company would qualify for state and federal funding; (3) that Company, in order to procure its "record" financial results, forced its employees to falsify student records; and (4) that the Company's earning and net income were materially inflated and in violation of Generally Accepted Accounting Principles ("GAAP") because the Company's financial results were derived from the defendants' illegal practices.

The truth behind the Company's "record" growth during the Class Period began to emerge on November 11, 2003 when The Record, a Bergen County, New Jersey newspaper, reported that a former director of Gibbs College, a school owned by the defendants, had filed a lawsuit against the Company. The former director accused the Company of falsifying student records in order to show a high rate of student retention and graduation, and to qualify for state and federal funding. On news of this, the Company's stock fell more than 13% or $7.10 per share on November 17, 2003 to close at $45.81 per share.

Similarly on December 3, 2003, The Santa Barbara News-Press reported that another former employee at a school owned by the defendants had filed another lawsuit wherein she claimed that "officials at the school acted illegally and improperly to inflate enrollment and boost the bottom line." The former employee also alleged that "[m]any staff members have been asked by management to commit forgery, fraud, perjury or whatever else is necessary to pass audit inspections." On news of this, shares of Career Education fell nearly 28% or $15.28 per share to close at $39.48 per share on December 3, 2003.

3

## ARGUMENT

### POINT I

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of Career Education shares for alleged violations of the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Career Education shares during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Career Education securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (3d Cir.) (1990). That test is met here and, accordingly, the Actions should be consolidated.

### POINT II

### CAMPBELL AND RATNOFSKY SHOULD BE APPOINTED LEAD PLAINTIFFS

#### A. The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

4

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the action entitled Daniel Taubenfeld v. Career Education Corporation, et al., 03-cv-8884 (JHL) (the "Taubenfeld Action") caused the first notice regarding the pendency of these actions to be published on Business Wire, a national, business-oriented newswire service, on December 10, 2003. See Ex. B. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice...
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii). See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D.

5

Mass. 1996).

### B. Campbell and Ratnofsky Satisfy the "Lead Plaintiff" Requirements Of The Exchange Act

#### 1. Campbell and Ratnofsky Have Complied With The Exchange Act And Should Be Appointed Lead Plaintiffs

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on February 9, 2004. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on December 10, 2003), Campbell and Ratnofsky timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

Campbell and Ratnofsky have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. See Ex. D. In addition, Campbell and Ratnofsky have selected and retained competent counsel to represent them and the class. See Exs. E-F. Accordingly, Campbell and Ratnofsky have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

#### 2. Campbell and Ratnofsky Have The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, see Ex. D., Campbell and Ratnofsky purchased shares of Career Education stock in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, Campbell and Ratnofsky collectively incurred a substantial

6

$10,344.93 loss on their transactions in Career Education shares. Campbell and Ratnofsky thus have a significant financial interest in this case. Therefore, Campbell and Ratnofsky satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. Campbell and Ratnofsky Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy --- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997); Fischler v. Amsouth Bancorporation, No. 96-1567-Civ-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997). Campbell and Ratnofsky satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

7

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. Phillips v. Joint Legislative Comm. on Performance & Expenditure Review, 637 F.2d 1014, 1024 (5th Cir. 1981).

Campbell and Ratnofsky satisfy this requirement because, just like all other class members, they: (1) purchased Career Education shares during the Class Period; (2) purchased Career Education shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Campbell and Ratnofsky's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Campbell and Ratnofsky to represent the class to the existence of any conflicts between the

interest of Campbell and Ratnofsky and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Modell v. Eliot Sav. Bank, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Campbell and Ratnofsky are adequate representatives of the class. As evidenced by the injuries suffered by Campbell and Ratnofsky, who purchased Career Education shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Campbell and Ratnofsky are clearly aligned with the members of the class, and there is no evidence of any antagonism between Campbell and Ratnofsky's interests and those of the other members of the class. Further, Campbell and Ratnofsky have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Campbell and Ratnofsky's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Campbell and Ratnofsky prima facie satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## POINT III

### THE COURT SHOULD APPROVE CAMPBELL AND RATNOFSKY'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that

9

regard, Campbell and Ratnofsky have selected the law firm of Cauley Geller as Lead Counsel and the law firm of Miller Faucher as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. See Exs. E-F. Accordingly, the Court should approve Campbell and Ratnofsky's selection of counsel.

## CONCLUSION

For all the foregoing reasons, Campbell and Ratnofsky respectfully request that the Court: (i) consolidate the Actions; (ii) appoint Campbell and Ratnofsky as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

Dated: February 9, 2004

Respectfully submitted,

**MILLER FAUCHER AND CAFFERTY LLP**

By: _____
Marvin A. Miller
Jennifer Winter Sprengel
30 North LaSalle Street
Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782.4880
Facsimile: (312) 782.4485
**Proposed Liaison Counsel**

**CAULEY GELLER BOWMAN
& RUDMAN, LLP**
Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
**Proposed Lead Counsel**

10

# SEE CASE FILE FOR EXHIBITS