**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re CAREER EDUCATION CORPORATION SECURITIES LITIGATION** | ) ) ) | **No. 03 C 8884** **Honorable Joan Humphrey Lefkow** |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION PURSUANT TO RULE 60 AND FOR AN ORDER PRELIMINARILY APPROVING SETTLEMENT, SETTING DATE FOR FINAL APPROVAL HEARING, AND PROVIDING NOTICE TO THE CLASS**

## Introduction

The parties to this Class Action litigation have submitted herewith a Joint Motion for an Order Pursuant to Rule 60 and Preliminarily Approving Settlement, Setting Date for Final Approval Hearing, and Providing Notice to the Class (the "Motion") requesting that the Court schedule a fairness hearing on the proposed settlement of the litigation pursuant to which Defendants have agreed to establish a Settlement Fund in the amount of $4,900,000 pursuant to the terms set forth in the Settlement Agreement dated November 5, 2007 (the "Settlement"). A copy of the Settlement Agreement is being filed with the Court as an exhibit to the supporting declaration of Louis Gottlieb (the "Gottlieb Declaration"). Also annexed to the Gottlieb Declaration is a copy of the guidelines established by the Seventh Circuit pursuant to Circuit Rule 57 setting forth the procedure being followed by the parties in making this motion. Pursuant to Rules 60(b)(6) and 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiff Thomas Schroder ("Plaintiff") submits this Memorandum of Law in support of the Motion and

respectfully requests that the Court enter an order: (1) vacating the Court's order dated March 29, 2007 dismissing the action with prejudice; (2) preliminarily approving the Settlement for purposes of scheduling a hearing to determine whether the Settlement should be finally approved by the Court and a judgment, substantially in the form of Exhibit B to the Settlement Agreement (a copy of which is annexed as an exhibit to the Gottlieb Declaration) should be entered herein; (3) directing that notice be provided to the members of the Settlement Class (the "Class"); (4) setting a date by which objections, if any, to the Settlement, the Plan of Allocation, or the application for the award of attorneys' fees and reimbursement of expenses must be served and filed with the Court; (5) setting a date by which Class members who wish to be excluded from the Settlement must submit a request for exclusion; (6) setting a date by which Class members wishing to participate in the Settlement must submit proofs of claim to the Claims Administrator; (7) designating Strategic Claims Services of Media, Pennsylvania as the Claims Administrator; and (8) granting such other and further relief as may be just and proper.

## Factual Background

Beginning on December 9, 2003, six class actions alleging violations of federal securities laws, *Taubenfeld v. Career Ed. Corp., et al.*, 03-CV-08884; *Stellato v. Career Ed. Corp., et al.*, 03-CV-08939; *Katz v. Career Ed. Corp., et al.*, 03-CV-09157; *Morris, et al v. Career Ed. Corp., et al.*, 04-CV-00305; *Woo v. Career Ed. Corp., et al.*, 04-CV-00339; *Schild v. Career Ed. Corp., et al.*, 04-CV-00906, were filed in the Court and were subsequently consolidated by Order dated March 19, 2004 under the caption above.

On March 19, 2004, by Order, the Court appointed Thomas Schroder as Lead Plaintiff and approved Lead Plaintiff's choice of counsel, the firm now known as Labaton Sucharow LLP,

as Lead Counsel. The Consolidated Amended Complaint was filed on June 17, 2004. The Court dismissed the June 17, 2004 complaint on February 11, 2005 with leave to replead.

The Second Consolidated Amended Complaint dated April 1, 2005 was dismissed by Order of the Court on March 28, 2006 with leave to replead. On May 1, 2006, Plaintiffs filed the Third Consolidated Amended Complaint (the "Complaint") which generally alleged, among other things, that Defendants issued materially false and misleading statements regarding CEC's bad debts, student enrollment and job placement statistics during the Class Period – April 22, 2002 through and including February 15, 2005 – in a scheme to artificially inflate the value of CEC securities.

The Complaint was dismissed with prejudice by Order of the Court on March 29, 2007. Plaintiffs filed and served a timely notice of appeal to the United States Court of Appeals for the Seventh Circuit on April 24, 2007. While the notice of appeal was pending, the Parties engaged in settlement discussions, first, with the assistance of Rocco J. Spagna, Esq., Conference Attorney with the Seventh Circuit Court of Appeals, and then with the assistance of retired United States District Judge Nicholas H. Politan, acting as a mediator. On September 25, 2007, the Settling Parties, through their respective attorneys, and with the approval of their respective clients, agreed in principle to the Settlement of the Action on the terms set forth in the Settlement Agreement annexed to the Gottlieb Declaration.

## Argument

### I. VACATING THE DISMISSAL OF THE ACTION WILL ALLOW THE SETTLEMENT TO MOVE FORWARD

In order to allow the Settlement to proceed it is appropriate for the Court, pursuant to Fed. R. Civ. P. 60(b)(6), to vacate the prior order dismissing the action with prejudice so that the Court can consider the joint motion by the parties for preliminary approval of the Settlement.

The motion for preliminary approval of the Settlement will allow the Court to schedule a hearing to determine whether the Settlement should receive final approval and to direct that notice of the proposed Settlement be provided to members of the class advising them of the nature of the proposed Settlement, of their right to be heard or to request exclusion, and of the method by which they can seek to participate in the Settlement.

Fed. R. Civ. P. Rule 60(b)(6) provides that the Court may grant relief from a judgment or order for any reason that justifies relief. The Seventh Circuit has noted, in *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004), that subsection (6) of Rule 60(b) is a catch-all or safety-valve provision. While other subsections provide relief where there has been (1) a mistake, excusable neglect and the like, or (2) newly discovered evidence, or (3) where fraud is involved, provisions that are subject to a one-year filing requirement, subsection (6) is designed to take care of unusual or extraordinary situations, and has no time limit. Here, the basis for the motion is not mistake, newly discovered evidence or the like. It is the unusual or extraordinary situation where, while the case was on appeal, the parties arrived at a settlement which they wish to place before the Court for preliminary approval. A motion pursuant to Rule 60(b)(6) is the appropriate method to place the Settlement before the Court. In *Hinsdale v. Farmers National Bank & Trust Co.*, 823 F.2d 993 (6th Cir. 1987) the Sixth Circuit held that a motion pursuant to Fed. R. Civ. P. 60(b)(6) is the method by which the parties can bring a settlement before the court when an action has, previously, been dismissed with prejudice. Lead Plaintiffs respectfully submit that the desire of the parties to settle the dispute and resolve their differences rather than continue to litigate through an appeal and the risks inherent in continued litigation justifies relieving the parties from the prior order. In this case, vacating the March 29, 2007 order will allow the Court to consider the proposed Settlement and to order that notice of the Settlement be provided to the

members of the Settlement Class so that they, too, can consider the Settlement. Moreover, if the Settlement is approved, the members of the Class who suffered losses will receive a monetary benefit from the Settlement Fund.

## II. THE SETTLEMENT MERITS PRELIMINARY APPROVAL

Federal courts favor the settlement of class actions. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 888-89 (7th Cir. 1985), *cert. denied*, 478 U.S. 1004, 106 S.Ct. 3293 (1986); *Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980); *Armstrong v. Board of School Directors, etc.*, 616 F.2d 305, 312-13 (7th Cir. 1980). Aside from the benefits to the parties, settlements of complex cases contribute to the efficient utilization of scarce judicial resources and achieve the speedy resolution of justice. *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1322, 1325 (5th Cir. 1981).

Approval of a class action settlement proposal is a two-step process. *Armstrong v. Board of School Directors*, 616 F.2d at 314. In the first step, the court conducts a preliminary pre-notification hearing to determine whether the proposed settlement falls within the range of possible approval and, if so, whether the members of the class should be notified of the proposed settlement and a fairness hearing scheduled. The settlement of a class action "usually involves a two-stage procedure. First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing." *Manual for Complex Litigation, Fourth*, Federal Judicial Center, §13.14 (2004).

> "If the district court finds a settlement proposal 'within the range of possible approval,' it then proceeds to the second step in the review process, the fairness hearing. Class members are notified of the proposed settlement and of the fairness hearing at which they and all interested parties have an opportunity to be heard." 616 F.2d at 314.

As the Seventh Circuit noted in *Armstrong*, if the district court finds that a settlement proposal is within the range of possible approval, it should proceed to the second step in the review process by scheduling a fairness hearing and directing that notice be given to the members of the class. *Id.*

In *In re Prudential Securities Inc. Limited Partnerships Litigation*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995), the court, relying upon *Armstrong*, stated:

> "If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement."

Plaintiffs submit that the settlement being proposed herein clearly meets this standard and that scheduling a fairness hearing at which the Court can determine whether the settlement should be approved and providing notice of that fairness hearing to the members of the class is clearly warranted in this case.

Courts have noted that their role in reviewing a proposed settlement is a limited one. The court in *Alliance to End Repression v. City of Chicago*, 561 F. Supp. 537, 548 (N.D. Ill. 1982), citing *Armstrong*, noted the court's limited role:

> "Because settlement of a class action, like settlement of any litigation, is basically a bargained exchange between the litigants, the judiciary's role is properly limited to the minimum necessary to protect the interests of the class and the public. Judges should not substitute their own judgment as to the optimal settlement terms for the judgment of the litigants and their counsel."

Here, where the Court has already dismissed the action on three separate occasions, the last time, with prejudice, there can be little question regarding the wisdom of the proposed

settlement from the standpoint of plaintiffs and the members of the Class. The proposed settlement is the product of arm's-length negotiations among experienced counsel. Moreover, the parties were assisted in arriving at the proposed settlement by the participation of, first, Seventh Circuit Conference Attorney Rocco J. Spagna, Esq., and then retired United States District Judge Nicholas H. Politan, acting as a mediator. The participation of skilled and impartial mediators such as Mr. Spagna and Judge Politan lends further support to the conclusion that the proposed settlement more than satisfies the standard described in *Armstrong* for preliminary approval and warrants the scheduling of the fairness hearing and the sending of notice to the Class. The participation an experienced mediator in the settlement process may assist the court in concluding that the settlement was the result of arm's-length bargaining and represents a reasonable compromise. *Satchell v. Federal Express Corp.*, Nos. C03-2659 SI, CO3-2878 SI, 2007 WL 1114010,*4 (N.D. Cal. April 13, 2007); *In re Indep. Energy Holdings PLC*, No. 00 Civ. 6689 (SAS) 2003 WL 22244676, at *4 (S.D.N.Y. Sept. 29, 2003) ("the fact that the Settlement was reached after exhaustive arm's-length negotiations, with the assistance of a private mediator experienced in complex litigation, is further proof that it is fair and reasonable").

Finally, the opinion of experienced counsel supporting the Settlement is entitled to great weight. *See Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996); *In re Mexico Money Transfer Litig.*, 164 F.Supp. 2d 1002, 1020 (N.D. Ill. 2000)(giving "significant weight on the unanimously strong endorsement of these settlements by … well-respected attorneys"). Here, Lead Counsel has determined that the Settlement is reasonable, when compared with an evaluation of the probability of ultimate success on the merits, and falls within the range of settlements that are worthy of approval. *Manual for Complex Litigation, Fourth*, Federal Judicial Center, § 21.62.

## III. A FAIRNESS HEARING SHOULD BE SCHEDULED AND NOTICE PROVIDED TO THE MEMBERS OF THE CLASS

Once the Court has satisfied itself that the proposed settlement offered by the parties is within the range of possible approval, it should schedule the second step of the process, a fairness hearing to determine whether the settlement should be finally approved and direct that notice be provided to members of the class regarding the settlement hearing, the right of class members to object to the settlement, the plan of allocation or the application by class counsel for the award of attorneys' fees and reimbursement of expenses. Where, as here, a Rule 23(b)(3) class is involved, class members should also be advised of their right to request exclusion from the class.

The notice to the class must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). The Seventh Circuit noted, in *Oswald v. McGarr*, 620 F.2d 1190 (7th Circuit, 1980), that "the notice should contain sufficient information to enable a class member to determine (1) whether to accept the offer to settle, (2) the effects of settling, and (3) the available avenues for pursuing his claim if he does not settle." Id. at 1197 (internal citations omitted).

To satisfy the notice requirement, the notice should describe the essential terms of the settlement; provide information regarding the requested attorneys' fees and expenses; set forth the time and place of the final approval hearing; describe the procedures for objecting to the settlement; and state the address and telephone number of the plaintiff's counsel and how to make inquiries regarding the settlement. *Manual for Complex Litigation, Fourth*, Federal Judicial Center, 2004, §21.312.

The parties have drafted and agreed upon the forms of notice by mail, Exhibit A-1, to the settlement agreement and to the preliminary approval order and a summary notice by publication, Exhibit A-3 to the settlement agreement and to the proposed form of preliminary approval order to satisfy the notice requirements in this Circuit. The notice by mail will be mailed by first class mail to all record owners of CEC stock whose names and addresses are provided to the Claims Administrator by CEC or its transfer agent. Brokers and nominees will be asked to forward the notice to the beneficial owners or, to provide the names and addresses of the beneficial owners to the Claims Administrator, who will then mail the notice directly to the beneficial owners. In addition, the motion for preliminary approval contemplates the publication of the summary notice in the *Investors' Business Daily* as well as over one of the business newswires. The form of notice provides class members with the information necessary to satisfy due process, including, a description of the action, the nature of the settlement, the plan of allocation, and the attorneys' fees and reimbursement of disbursements that plaintiffs' counsel will be requesting. In addition, the notice advises class members of the procedure and deadline for filing objections to the settlement, the plan of allocation, or the request for attorneys' fees and reimbursement of disbursements, of the method and deadline for requesting exclusion (opting out) from the settlement and the necessity and deadline for filing a proof of claim in order to participate in the settlement proceeds. Further, the notice will provide members of the class with the date, time and place of the final approval hearing as well as instructions on how to be heard at the final approval hearing if they desire to do so. Thus, the notice and the proposed settlement meet this Circuit's requirements.

**Conclusion**

For the reasons set forth above, Lead Plaintiff respectfully requests that the Court (1) vacate the order dated March 29, 2007 dismissing the action with prejudice; (2) grant preliminary approval of the Settlement; (3) schedule a hearing on final approval of the Settlement; (4) set dates by which objections must be filed and requests for exclusion or proofs of claim must be submitted; and (5) direct that notice in the forms annexed to the settlement agreement and the proposed order preliminarily approving the settlement be given to the members of the class.

Dated: March 26, 2008

Respectfully submitted,

By: ______________________

LABATON SUCHAROW LLP

Joseph Sternberg
Louis Gottlieb
Christopher J. Keller
Aya Bouchedid

140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Telecopier: (212) 818-0477

Counsel for Lead Plaintiff

LASKY & RIFKIND, LTD.
350 N. LaSalle Street – Suite 1320
Chicago, Illinois 60610
Telephone: (312) 634-0057
Telecopier: (312) 634-0059

Local Counsel for Lead Plaintiff